IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDALL TRENT BROWN,

                           Plaintiff,

                                                CIVIL ACTION
          vs.                                   No. 07-3062-SAC

SALINE COUNTY JAIL, et al.,

                           Defendants.


#### ORDER

     Plaintiff, a prisoner confined in the Saline County Detention Center in Salina, Kansas, proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983 by an inmate.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

     Because plaintiff is a prisoner, the court is required to screen the complaint, as later supplemented, and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

     In this action, plaintiff broadly complains that jail staff is mishandling his legal mail and engaging in postal fraud.  Plaintiff claims staff interferes with his possession, receipt, and sending of

legal mail, all in an attempt to prevent plaintiff from pursuing relief on legal claims.  Plaintiff cites various problems with the handling and forwarding of his mail during his temporary confinement at a state mental facility, and in his attempts to correspond with governmental agencies.  Plaintiff alleges "unfair discrimination" and seeks damages from the Saline County Jail, the Saline County Sheriff, and a Saline County Officer who handles prisoner mail.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Having reviewed plaintiff's allegations, the court finds the supplemented complaint is subject to being dismissed for the following reasons.

First, plaintiff cannot pursue relief from the Saline County Jail because that facility is not a legal entity that can be sued. See e.g., Marsden v. Fed. Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

Second, plaintiff's allegations against the remaining defendants fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

While a prisoner retains a fundamental right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), to state a claim for deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." Id. at 351. This right extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or

her current confinement or in an application for a writ of habeas corpus.  *See* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576 (1974); <u>Carper v. DeLand</u>, 54 F.3d 613, 617 (10th Cir. 1995).   Here, plaintiff's allegations fail to demonstrate any actual prejudice in his ability to pursue a nonfrivolous legal claim as a result of the cited jail restrictions and the various instances of his legal mail being allegedly mishandled.

Additionally, the Tenth Circuit Court of Appeals and other circuits have held that isolated instances of opening inmate legal mail outside of the inmate's presence does not violate the Constitution.  *See* <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990)(isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation"); <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989)(prison guard's opening of inmate's legal mail outside of the inmate's presence was, at most, negligence, and did not reach the level of intent necessary for constitutional violation); <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 825 (5th Cir. 1993); <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997)(isolated instance of opening incoming confidential legal mail does not support a constitutional claim).

The court thus directs plaintiff to show cause why the supplemented complaint should not be summarily dismissed as stating

3

no claim for relief.[1]    *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in this action being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff's motion to appoint counsel (Doc. 6) is denied. Plaintiff has no right to the assistance of counsel in this civil action.  Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

Plaintiff's motion for a court order regarding his possession of legal materials is denied because no showing is made to warrant such extraordinary injunctive relief. *See* Country Kids 'N City Slick, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996)(stating

---

[1]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

requirements that must be satisfied by person seeking a temporary restraining order or preliminary injunction).  Plaintiff's motions to obtain specific records from an attorney and from the U.S. Department of Justice are denied as premature and improper requests for discovery.

The court has reviewed correspondence sent by plaintiff to the clerk's office, and finds nothing therein that warrants filing for the court's consideration and decision.  Plaintiff is advised that all pleadings submitted in this or any other case plaintiff files in federal court must be in proper pleading format, which includes a caption identifying the parties and the case number, and a title indicating the nature of the pleading.  Although pleadings filed by pro se litigants are to be liberally construed, pro se parties are still expected to follow the basic rules of procedure governing other litigants.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Brown v. Zavaras, 63 F.3d 967, 971-72 (10th Cir. 1995).  *See* Fed.R.Civ.P. 8(a)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Hall v. Bellmon, 935 F.2d 1006, 1110 (10th Cir. 1991)(Rule 8(a) requires minimal factual allegations on those material elements that must be proved to recover).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the supplemented complaint should not be dismissed as stating no claim for relief.

5

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 6), and motions for court orders (Docs. 13, 14, and 16) are denied.

A copy of this order is to be mailed to plaintiff and Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 16th day of November 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge