IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDALL TRENT BROWN,

          Plaintiff,

    vs.

        CIVIL ACTION
        No. 07-3062-SAC

SALINE COUNTY JAIL, et al.,

          Defendants.

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983, seeking relief on allegations related to his mail while he was confined in a county jail. The court dismissed the complaint as stating no claim of plaintiff being denied his right of access to the courts. The Tenth Circuit Court of Appeals upheld that finding, but reversed and remanded for the court to further address potential First Amendment and state fraud claims regarding the handling of plaintiff's mail.

Noting plaintiff's apparent intent after remand to amend the complaint a second time, the court provisionally granted plaintiff leave to file a second amended complaint subject to plaintiff's filing of the proposed amended complaint on a court approved form. Plaintiff did so, and that second amended complaint is now before the court. Also before the court are plaintiff's motions for the issuance and service of summons. Having reviewed the record, the court grants these motions in part.

The court liberally construes plaintiff's pro se second amended complaint as naming the following defendants in their individual and official capacities: Sheriff Glen Kochanowski, Officer Nalls, Captain Augustine, Program Director Tina Miller, Officer Price, and Officer Main.[1] Although plaintiff also names the Saline County Jail as a defendant, the court has previously advised plaintiff the county jail is not a legal entity that can be sued.[2] Thus there is no factual or legal basis in the second amended complaint to warrant the issuance and service of summons on this defendant.

While plaintiff's claims in the second amended complaint are not precisely stated, plaintiff continues to allege constitutional error and state fraud in defendants' handling of his mail. These matters remain appropriate for consideration on remand. To the extent plaintiff continues to allege that defendants' handling of his mail impermissibly interfered with his right of access to the

---

[1] Officers Augustine, Miller, Price, and Main are not explicitly named as party defendants in the second amended complaint. See Fed.R.Civ.P. Rule 10(a)(title of the complaint must name all parties). Plaintiff, however, references them within the body of that pleading, and identifies them as defendants in his related motions for issuance of summons. Under the circumstances, the court liberally considers them as defendants in this matter. See e.g. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243-44 (10th Cir.2007) ("in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are"); *Green v. Corrections Corporation of America*, 2010 WL 4409652(10th Cir. November 8, 2010)(unpublished opinion, cited not as binding precedent but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1)(*citing Trackwell*).

[2] See e.g. *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

courts, these allegations are not properly before the court as the Tenth Circuit upheld the dismissal of such claims.

Accordingly, the court finds a response from defendants is required on plaintiff's allegations in the second amended complaint regarding their alleged mishandling of plaintiff's mail.

IT IS THEREFORE ORDERED that plaintiff's motions for issuance of summons (Docs. 62 and 63) are granted in that the clerk's office is directed to prepare waiver of service of summons forms for defendants Kochanowski, Nalls, Miller, Augustine, Price, and Main for service by the United States Marshal Service at no cost to plaintiff absent a showing that plaintiff can afford the cost of such service.

IT IS FURTHER ORDERED that the Saline County Jail is dismissed as a party in this matter.

**IT IS SO ORDERED.**

DATED:  This 9th day of December 2010 at Topeka, Kansas.


                                     s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge