IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**KENDALL TRENT BROWN,**

                **Plaintiff,**

     v.                                  CASE NO. 07-3062-SAC

**GLEN F. KOCHANOWSKI, et al.,**

                **Defendants.**


**O R D E R**

Having reviewed the record, the court enters the following findings and order.

Plaintiff seeks appointment of counsel (Doc. 72), and submits a form "Motion to Proceed without Prepayment of Fees" (Doc. 73) which the court liberally construes as plaintiff's affidavit attempt to establish his inability to secure counsel or pay for an attorney.[1] This request is denied.

Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989). The court remains convinced that plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, does not warrant appointment of counsel. *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be

---

[1] Also, because plaintiff already proceeds in forma pauperis in this matter, any renewed request to proceed without prepayment of court fees would be moot.

considered in deciding motion for appointment of counsel).

Plaintiff also submits a pro se document titled as "Arrest of Judgment due to Manifest Injustice" (Doc. 74) which was docketed as a request for a court order to address alleged interference by the District of Kansas Court Clerk, Tim O'Brien, in plaintiff's ability to proceed in this action. Plaintiff's allegations, however, center on decisions or inaction by the undersigned judge, and the fact that waiver of service of summons forms prepared by the clerk's office for service by the United States Marshal Service to six defendants were returned unexecuted regarding two of the defendants (Nalls and Augustine). The court is unaware of any federal civil rule that provides for or authorizes the filing of a request for the "arrest of judgment" in a civil action to avoid "manifest injustice," and there is no judgment entered in this case for purposes of liberally construing this request as seeking relief under Fed.R.Civ.P. 60(b). Because the clerk of the court is not involved in the undersigned's handling of this matter, and is not responsible for the unexecuted service on defendants Nalls and Augustine, plaintiff's allegations against the clerk are frivolous.

Plaintiff's "Motion to Compel a Discovery Response" (Doc. 82) is denied without prejudice to plaintiff pursuing discovery within court rules once this matter is referred to a magistrate judge to hear and decide all pretrial matters.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Docs. 72 and 73) and motion for a court order (Doc. 74) are denied, and that plaintiff's motion to compel discovery (Doc.

82) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of April 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge