IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDALL TRENT BROWN,**

          Plaintiff,

                                    CIVIL ACTION
    vs.                                No. 07-3062-SAC

**SALINE COUNTY JAIL, et al.,**

          Defendants.

## ORDER

Plaintiff proceeds pro se and in forma pauperis seeking relief under 42 U.S.C. § 1983 on allegations related to the handling of his mail while he was confined in the Saline County jail. Before the court is plaintiff's motion for leave to file a third amended complaint. Having reviewed the record which includes defendants' objection to plaintiff's request, the court denies plaintiff's motion.

In the complaint as first amended, plaintiff named Saline County Sheriff Glen Kochanowski and Saline County Corrections Officer Nalls as defendants.[1] The court dismissed the amended complaint as stating no claim for relief against either defendant.

---

[1] The Saline County Jail, named as a defendant in the original complaint, was not named as a defendant in plaintiff's first amended complaint.

The Tenth Circuit Court of Appeals reversed and remanded the matter, finding further consideration was required on plaintiff's allegations that defendants' handling of his mail violated plaintiff's First Amendment right to freedom of speech by failing to process plaintiff's outgoing mail, by monitoring plaintiff's mail as a disciplinary action, by not allowing plaintiff to take his mail with him when he was sent to Larned State Hospital for evaluation, and by charging plaintiff for mail that was not processed.

Plaintiff thereafter amended his complaint a second time to name four additional defendants as participating in the alleged mishandling of his mail. Added as defendants in the second amended complaint were Captain Augustine, Program Director Tina Miller, Pod Officer Main, and Pod Officer Price. The court directed the clerk's office to issue summons for all defendants, with service by the United States Marshal Service.

Before the court is plaintiff's motion for leave to amend his complaint a third time. Having reviewed the record, the court denies this request.

Because defendants object to plaintiff's proposed amendment of the complaint, plaintiff must obtain leave of the court to amend the complaint a third time. Fed.R.Civ.P. 15(a)(2). The court is to freely grant leave to amend when justice so requires. *Id*.

The allegations in plaintiff's original complaint, filed in March 2007 within the two year statute of limitations for seeking relief under § 1983,[2] concern the alleged mishandling of plaintiff's mail during his confinement in the Saline County Detention Center in and around November 2006. Plaintiff's second amended complaint, filed in April 2010, is considered timely filed because plaintiff's allegations in that amended complaint essentially center on the same misconduct regarding the handling of his mail, and thus arguably relate back to the filing date of plaintiff's original complaint. *See* Fed.R.Civ.P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading[.]").

In his proposed third amended complaint, plaintiff reasserts claims concerning the mishandling of his mail,[3] but expands his allegations to assert new and additional claims of constitutional violations in the conditions of his confinement while at the

---

[2]*See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

[3]To the extent plaintiff continues to allege that defendants' handling of his mail impermissibly interfered with his right of access to the courts, these allegations are not properly before the court as the Tenth Circuit upheld this court's dismissal of such claims.

Saline County facility.[4]  Because these new claims do not assert a claim or defense arising from the alleged mishandling of plaintiff's mail, and are not centered on the same core operative facts as set forth in the original complaint, they do not relate back to the filing date of that complaint.

Accordingly, plaintiff's new allegations of constitutional deprivation occurring during his confinement in the Saline County Jail are not raised within the two year limitation period for seeking relief on such claims.  Amendment of the complaint to now raise these time barred claims thus would be futile, and would not serve the interests of justice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a third amended complaint (Doc. 83) is denied.

**IT IS SO ORDERED.**

DATED:  This 18th day of May 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[4]Plaintiff's proposed third amended complaint seeks to add new claims under the Sixth and Eighth Amendments, including allegations of retaliation and of physical and verbal threats against plaintiff, allowing or encouraging other prisoners to abuse and harass plaintiff, malicious prosecution of plaintiff, and a conspiracy to violate plaintiff's rights.