IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDALL TRENT BROWN,**

                         **Plaintiff,**

                                                     CIVIL ACTION
      **vs.**                                                       No. 07-3062-SAC

**SALINE COUNTY JAIL, et al.,**

                         **Defendants.**

<u>ORDER</u>

Plaintiff proceeds pro se and in forma pauperis seeking relief under 42 U.S.C. § 1983 on allegations related to the handling of his mail while he was confined in the Saline County jail.  On May 8, 2011, the court denied plaintiff leave to file a third amended complaint, finding plaintiff was attempting to raise new claims under the Sixth and Eighth Amendments that were now time barred and outside the scope of the Tenth Circuit Court's remand for further consideration of plaintiff's allegations of constitutional error in defendants' handling of plaintiff's mail.  Before the court is plaintiff's motion for reconsideration of that decision.

"Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider shall be based

on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D.Kan. Rule 7.3. Plaintiff's motion for reconsideration appears to rely only on the third option in that rule.

In his proposed third amended complaint, plaintiff asserted Sixth and Eighth Amendment claims, including allegations of retaliation and physical and verbal threats against plaintiff, allowing or encouraging other prisoners to abuse and harass plaintiff, malicious prosecution of plaintiff, and a conspiracy to violate plaintiff's rights. Plaintiff objects to the court's finding that these are new claims being raised for the first time, and argues the Circuit Court's mandate requires this court's consideration of these claims on remand. The court disagrees.

A district court must strictly comply with the Circuit Court's mandate. *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir.2001). Compliance with the mandate rule in the present case requires this court to give effect to the circuit court's identification of the four § 1983 claims asserted by plaintiff on appeal regarding the treatment of his mail, and its remand to this court for further consideration of those four identified claims.

The circuit court also noted it would not consider allegations or additional claims not properly raised in the district or appellate court. *Brown v. Saline County Jail*, 303

2

Fed.Appx.678, 681 n.4 and 682 n.6 (10th Cir.2008). The scope of the Circuit Court's remand does not encompass issues that were "expressly or impliedly disposed of on appeal." *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir.2003)(*quotation marks and citation omitted*). *See U.S. v. Webb*, 98 F.3d 585, 589 (10th Cir.1996)(noting that because an issue was not appealed the district court's ruling became final and court did not err in declining to address it on remand). *See also South Atlantic Ltd. Partnership of Tennessee, LP v. Riese*, 356 F.3d 576, 583 (4th Cir.2004)(the mandate rule prohibits a district court from "reconsider[ing] issues the parties failed to raise on appeal"); *U.S. v. Husband*, 312 F.3d 247, 250-51 (7th Cir.2002)("any issue that could have been but was not raised on appeal is waived and thus not remanded").

Finding no clear error or need to correct manifest injustice has been demonstrated in the court's decision to deny plaintiff leave to file a third amended complaint, the court denies plaintiff's motion for reconsideration of that decision. Plaintiff's renewed motion for leave to amend the complaint with the same proposed third amended complaint is denied.[1]

IT IS THEREFORE ORDERED that plaintiff's motion for

---

[1] Defendants correctly note that plaintiff's pending motion for leave to amend with an attached proposed third amended complaint duplicates documents plaintiff previously submitted for filing. The court liberally construes these resubmitted pro se documents as an unnecessary but good faith attempt by plaintiff to support his motion for reconsideration, and not as abusive in this instance.

3

reconsideration (Doc. 96) and renewed motion for leave to file a third amended complaint (Doc. 107) are denied.

**IT IS SO ORDERED.**

DATED:  This 17th day of August 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge